IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 97-043L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, and objects to Petitioner's Motion For Relief From Judgment for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2007, I served a copy of the within Government's Objection To Petitioner's Motion For Relief From Judgment by postage prepaid mail to:

Guillermo Maldonado
Pro Se
Reg. # 04428-070
FCI Fort Dix
P.O. Box 38-Unit 5752
Fort Dix, NJ 08640

/s/Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CA. No. 97-043L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

## I. INTRODUCTION

The Petitioner, Guillermo Maldonado (Maldonado or Petitioner), files this motion, pursuant to Fed. R. Civ. P. 60(b)(4)(5)(6), to reinstate his second or successive 28 U.S.C. § 2255 petition. The instant motion is the sixth in a series of post-conviction attacks upon his sentence.

## II. TRAVEL

Maldonado was indicted on May 28, 1997 for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (Count I), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(B) (Count II). He entered a plea of guilty on August 7, 1997. Two issues were argued at the sentencing hearing held on March 30, 1998. Maldonado contested both the quantity of heroin and whether the cocaine was crack cocaine. The Court sentenced Maldonado to 210 months imprisonment and five years supervised release. Maldonado filed a notice of appeal.

The First Circuit dismissed Maldonado's appeal on July 15, 1998 for want of prosecution. See, No. 98-1416. The mandate issued on August 6, 1998. On or about March 22, 1999, Maldonado filed a pro-se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. See, C.A. No. 99-153L. In this petition, he raised a single issue: ineffective assistance of counsel for his attorney's failure to prosecute his appeal. An evidentiary hearing was held on February 23, 2000. The Court granted the § 2255 petition. On March 20, 2000, the Court departed downward from the Sentencing Guidelines and re-sentenced Maldonado to 120 months imprisonment and five years supervised release.

Maldonado filed a notice of appeal on March 20, 2000. See, No. 00-1429. The government cross-appealed on April 10, 2000. See, No. 00-1513. Maldonado raised several issues, including whether the Court properly determined the nature and quantity of the controlled substances (crack cocaine and heroin) upon which his sentence was based, as well as a guidelines increase for obstruction of justice and a denial of an acceptance of responsibility decrease. The First Circuit rejected Maldonado's grounds for appeal without extensive discussion and remanded the case for re-sentencing on the downward departure issue. United States v. Maldonado, 242 F.3d 1 (1st Cir. 2001). The mandate issued on March 16, 2001. On August 8, 2001, a third sentencing hearing was held. The Court rejected Maldonado's request for a downward departure and re-sentenced him to 210 months imprisonment and five years supervised release.

Maldonado again appealed, raising as an issue the Court's denial of his downward departure motion. See, No. 01-2162. In an unpublished *per curiam* opinion, issued January 10, 2002, the First Circuit rejected Maldonado's downward departure claim and affirmed the sentence. The mandate issued on January 31, 2002. The Supreme Court denied a writ of certiorari on April 22, 2002.

Maldonado filed a second § 2255 petition on or about July 22, 2002, arguing the sentence imposed on August 8, 2001 violated the protections of the Fifth Amendment because his sentence was based upon heroin and cocaine base (crack) and not heroin and powder cocaine. See, C.A. No. 02-335L. On November 8, 2002, this motion was denied and dismissed for those reasons stated in the government's memorandum of law, parts III A and B. Maldonado did not appeal.

On June 18, 2003, Maldonado filed a motion with the Lowell District Court in Massachusetts to dismiss a default warrant. That court recalled the warrant on August 13, 2003. On August 28, 2003, Maldonado filed his third § 2255 petition, arguing that the dismissal of the default warrant should result in a new sentencing due to a lower criminal history category. See, C.A. No. 03-393L. This petition was denied on October 20, 2003 due to lack of jurisdiction for a successive petition and as being barred by the statute of limitations. On December 12, 2003, this Court denied Maldonado's request for a certificate of appealability. Maldonado took an appeal and filed an application for a certificate of appealability. See, No. 03-2546. In his application, Maldonado argued that his latest § 2255 petition was not successive because his initial § 2255 petition was

used to re-instate his direct appeal right. The Court of Appeals denied the application on October 27, 2004.

On or about July 29, 2004, Maldonado filed a motion for relief from judgment pursuant to F. R. Civ. P. 60(b)(4) & (5). Maldonado argued that his sentence was based upon crack cocaine rather than powder cocaine and that the Blakely v. Washington, 124 S.Ct. 2531 (2004), decision warranted a reversal. This Court denied his motion on September 16, 2004 reasoning that the motion was a successive § 2255 petition. A request for a certificate of appealability was denied by this Court on October 21, 2004. Maldonado took an appeal requesting a certificate of appealability. See, No. 04-2346. On February 1, 2005, the First Circuit denied the certificate noting that the District Court correctly considered the 60(b) motion as a successive § 2255 petition.

On July 18, 2005, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5), to vacate the Court's Order entered on November 8, 2002 denying his motion filed pursuant to 28 U.S.C. § 2255. The Court denied the motion to vacate on September 16, 2005. See, C.A. No. 02-335L.

## III. ARGUMENT

Maldonado now files the instant motion. He relies on the case of Burton v. Stewart, 125 S. Ct. 793 (2007). In Burton, a state court prisoner filed a second or successive petition pursuant to 28 U.S.C. § 2254 without authorization from the appropriate Court of Appeals. The Court held that the failure to obtain authorization deprived the District Court of jurisdiction. Burton attempted to rely upon Stewart v.

Martinez-Villareal, 523 U.S. 637 (1998) and Slack v. McDaniel, 529 U.S. 473 (2000). In those two cases, the Court deemed subsequent § 2254 petitions not be "second or successive" § 2254 petitions. The Court distinguished both cases noting that those claims involved claims that were either not yet ripe for § 2254 consideration or involved dismissal based on unexhausted claims.

For those reasons which follow, dismissal of the instant motion is warranted.

First, both the circumstances and holding of Burton lend no support to Maldonado's claim. The case, in fact, is more supportive of the government. Burton failed to obtain authorization from the Court of Appeals prior to filing his successive petition. The same is true for Maldonado with respect to his successive § 2255 petition filed on July 22, 2005. The Supreme Court noted Burton could have raise issues regarding his 1998 amended judgment in his first § 2254 petition filed in 1998, instead of waiting to raise the issues in his successive § 2254 petition filed in 2002. Burton, 127 S.Ct. at 798. Maldonado likewise could have raised his issues in his first petition, but fatally delayed doing so until his successive petitions.

Second, as the government has noted in previous filings, the First Circuit has already ruled that the first § 2255 petition filed by Maldonado to re-instate his direct appeal does count as his first petition and that subsequent petitions were therefore successive. Maldonado failed to seek any review in the United States Supreme Court of the First Circuit judgment. For Maldonado, it stands as the law of the case.

Third, Maldonado's instant motion is made too late. For grounds listed under Rule 60(b)(4), (5) or (6), the motion must be made within a reasonable time. This Court issued its ruling on the second § 2255 petition (C.A. No. 02-335L) on November 8, 2002. Maldonado did not appeal this Court's judgment to the First Circuit. It is now nearly four and one-half years later. Such a time lapse is not a reasonable one. Further, Maldonado cannot argue that he could not have filed the instant motion without the benefit of the Burton decision. As noted above, the Burton holding is limited to § 2254 cases and doesn't support his claim.

CONCLUSION

For all of the reasons set forth above, this petition should be denied and dismissed.

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2007, I served a copy of the within Government's Memorandum In Support Of Its Objection To Petitioner's Motion For Relief From Judgment by postage prepaid mail to:

Guillermo Maldonado
Pro Se
Reg. # 04428-070
FCI Fort Dix
P.O. Box 38-Unit 5752
Fort Dix, NJ 08640

/s/Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov