UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GUILLERMO MALDONADO, Petitioner<br><br>- V -<br><br>UNITED STATES OF AMERICA, Respondent | Docket No.: 97-043L |

**Motion for Modification of Previously Imposed Term of Imprisonment pursuant to 18 U.S.C. §3582(c)(2) and §1B1.10 of the United States Sentencing Guidleines, as Amended on November 1, 2007**

Guillermo Maldonado, Petitioner pro se, respectfully moves this court for an order of Modificaiton of Sentence based upon the following statutory support as well as Surpreme Court precedent:

Factual Background

On August 7, 1997, Petitioner pled guilty to one count of possession of cocaine with intent to distribute it, and one count of possession of heroin with intent to distribute it.

Though Petitioner vehemently objected, it was ascertained that the cocaine in question was a form of cocaine base. Based upon the plea agreement and subsequent Pre Sentence Investigation Report (PSI), Petitioner's sentencing level was level 36. After a Sentencing Hearing, this Court originally sentenced Petitioner to 210 months in prison. It is important to note that the mandatory minimum sentence was 120 months.

After original sentencing, Petitioner ordered his counsel

to prosecute an appeal. When his counsel "dropped the ball", Petitioner moved the Court for relief under 18 U.S.C. §2255. That petition was granted and the matter was set down for resentencing hearing. At that hearing, the Court reduced Petitioner's sentence to the mandatory minimum, namely 120 months.

After resentencing, Petitioner was thrilled with the reduction. But Petitioner did not understand why issues that were specifically to be raised by his counsel were omitted at said hearing. At that time, counsel told Petitioner that counsel could still raise the arguments if Petitioner desired. No mention of an appeal was made.

Thereafter, without consulting further with Petitioner, counsel unilaterally filed a Notice of Appeal to the Court of Appeals. When counsel finally told Petitioner that he had processed an appeal, Petitioner had no idea what the implications were. When a fellow inmate told Petitioner that such appeal could jeopardize the 90 month reduction that he received, Petitioner immediately told counsel to withdraw the Appeal. Counsel never withdrew the appeal.

As a result of processing this Appeal, counsel opened the window wide for the Respondent to Cross-Appeal the sentence reduction. Based upon the precedent at that time, the Court of Appeals reversed the downward sentence and remanded to this Court for resentencing consistent with the higher Court's findings. This had the basic effect of reinstating the original 210 month sentence, which is exactly what this Court did. Thus, at this

moment, Petitioner is serving a 210 month sentence.

Base Level of Current Sentence

The base offense level of Petitioner was 34 herein. The computation was based upon total converted marihuana weight after allowing for the 100:1, crack : cocaine ratio. In addition, the Court added two criminal history points because the Petitioner purportedly committed the subject offense while a violation warrant was outstanding. Finally, the PSI of Petitioner revealed a 2/15/95 acquittal on the charge of "conspiracy to distribute heroin" in the United States District Court, Boston, Massachusetts. Though Petitioner was incarcerated for 6 months prior to his acquittal, he received no credit this time served.

The Instant Motion

The Instant Motion respectfully requests that this Court resentence Petitioner in accordance with the Sentencing Guideline change adopted on November 1, 2007, made retroactive on December 11, 2007, as same pertains to 18 U.S.C. §3582(c)(2).

In addition, Petitioner requests that this Court consider the language of the Supreme Court of the United States in its recent decision on crack-cocaine sentencing. In Kimbrough V. United States, 552 U.S. ______ (2007), the Supreme Court specifically dealt with a situation whereby a defendant was given a sentence for crack-cocaine offense that was lower than guidelines range. Specifically, that lower court did not strictly adhere to the 100:1 crack ratio. In its discussion, the Supreme Court makes numerous references to problems with the crack-powder disparity. The court also directly referred to the Sentencing Commission's own problem with the disparity.

In its holding, the Supreme Court states that the precedent of United States v. Booker, 543 U.S. 220 (2005) makes the Sentencing Guidelines "advisory", and, accordingly, there was no requirement that the lower Court in Kimbrough had to follow the Guidelines.

The Supreme Court in Kimbrough was clear that it had serious doubts about the continued use of the 100:1 ratio. The Court reiterated that pursuant to 18 U.S.C. §3553(b)(1), as interpreted by Booker, District Courts should "impose a sentence sufficient but not greater than necessary to accomplish the goals of sentencing." In upholding the lower Court's deviation from Sentencing Guidelines the Supreme Court specifically gave leeway to lower courts to depart downward, even in the face of the 100:1 ratio, which had been previously perceived as iron-clad. (Indeed the Court of Appeals in Kimbrought held as such.)

In making the within Motion, Petitioner is aware of the two distinct aspects of this application. The first part is the reduction of two levels with respect to 18 U.S.C. §3582(c)(2), as same is indicated in amendment to Sentencing Guidelines for United States Courts 72 Fed. Reg. 28571-28572 (2007), retroactively applied on December 11, 2007. The second part is the new leeway for courts to arrive at sentencing in cases involving crack cocaine under the holding of Kimbrough. Petitioner will now discuss each of these issues.

Two Level Reduction

Petitioner was originally sentenced under sentencing level 34. Petitioner received a 210 month sentence. Subsequent thereto, this court resentenced Petitioner to 120 months (the statutory

mandatory minimum). On Appeal, the 210 month sentence was compelled to be reinstated by the Court of Appeals. Thereafter, this Court did resentence Petitioner to 210 months as level 34 and with a sentence far in excess of the mandatory minimum. Petitioner respectfully submits that he qualifies for the two level reduction. Petitioner would ask this Court to sentence him accordingly.

<u>Sentencing Leeway under Kimbrough</u>

This Court, based upon its assessment of just punishment, had sentenced Petitioner to 120 months. On Appeal, the Court of Appeals did not countenance such a finding by this Court. However, the Supreme Court in <u>Kimbrough</u> has now specifically stated that due to the sentencing inequities associated with crack, lower courts can now depart and sentence under suggested guideline range.

Whatever factors that were in place when this Court sentenced the Petitioner to 120 months, it is now clear that the Supreme Court expects lower courts to go through such factors in order to arrive at a fair sentence. The Petitioner here strongly contested the labeling of cocaine in his case as crack cocaine. When this court considered all of the equities, it reached the conclusion that 120 months was fair and just.

In addition to all factors which were at the Court's disposal, I would now like to bring two additional aspects to this Court's attention. At the time the original PSI was generated, the PSI added two criminal history points because the subject offense was purportedly committed while a violation warrant was outstanding. When Petitioner read the PSI, it was the first knowledge that he

had that such warrant existed. After Petitioner was incarcerated, he took steps to cancel the warrant. Petitioner received a "Notice of Recall of warrant" dated August 13, 2003, whereby the warrant was recalled because the "case has been disposed of". A copy of this document is annexed hereto as Exhibit "1".

Also in Petitioner's PSI, reference is made to an acquittal of petitioner in the United States District Court, Boston, Massachusetts. That case involved a charge of conspiracy to posses with intent to distribute heroin. The date of acquittal was February 15, 1995. The Petitioner served from August 27, 1997 to February 15, 1995 in a Federal holding facility. No mention was made of this almost six month denial of liberty for which Petitioner received no credit whatsoever.

Petitioner respectfully sumits that under Kimbrough, this Court is now free to sentence Petitioner based upon its own consideration of factors relevant to a "fair sentence". At present Petitioner has served approximately 128 months. In view of the amendment to sentencing guidelines, coupled with the Supreme Court holdings in Kimbrough, Petitioner requests that this Court arrive at a fair resentencing.

## Conclusion

Based upon all of the foregoing, Petitioner respectfully requests that this Court resentence Petitioner to a sentence deemed fair and equitable by the Court.

Dated: January, 14, 2008

Guillermo Maldonado

Guillermo Maldonado
Petitioner Pro Se
Reg No. 04428-070
Federal Corr. Inst.
PO Box 2000
Ft. Dix, NJ 08640