**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Guillermo Maldonado, Petitioner | ) | Docket No: 97-043L |
| -v- | ) | |
| United States of America, Respondent | ) | |

SUPPLEMENT TO PETITIONER'S MOTION FOR MODIFICATION OF PREVIOUSLY IMPOSED TERM OF IMPRISONMENT PURSANT TO 18 U.S.C. §3582(c)(2) AND §1B1.10 OF THE UNITED STATES SENTENCING GUILDLINES, AS AMENDED ON NOVEMBER 1, 2007 AND MADE RETROACTIVE ON DECEMBER 11, 2007

Guillermo Maldonado, Petitioner pro se, respectfully submits this supplement to his previously submitted motion for an order of Modification of Sentence, which motion will be decided by this Court on or after March 3, 2008:

**SPECIFIC SUBJECT OF SUPPLEMENT**

The petitioner herein submits this supplement solely to address an issue which arose after petitioner's original motion papers were submitted to the Clerk of this Court.

As this Court is aware, the original sentence to petitioner herein was 210 months. Thereafter, at a resentencing hearing, this Court reduced Petitioner's sentence to 120 months coupled with immediate deportation. The rationale used by this Court was stated as follows:

"Recently I have been departing downward when the sentence of a deportable felon is in the higher ranges because of the concern I have for the taxpayers paying for someone in federal prison when that person will be deported."

In essence, this Court sentenced petitioner to the mandatory minimum in order to save money.

On appeal at that time, that rationale was rejected by the Court of Appeals, which had practical effect of reinstating petitioner's 210 month sentence.

On January 15, 2008, New York Times reporter Julia Preston wrote an article with respect to immigrants currently incarcerated in the Federal system. A copy of this article is annexed hereto as petitioner's exhibit "2". The article extensively quotes Julie L. Myers, Assistant Secretary of Homeland Security and head of Immigration and Customs Enforcement Agency.

Ms. Myers addresses the governmental concern of the prohibitive cost associated with the caretaking of hundreds of thousands of deportable immigrant inmates. Indeed, the United States government is planning upon implementing a procedure that this Court expoused, over eight years ago. Ms. Myers has stated that the current administration now puts a "huge priority" on deporting criminal immigrants.

It is now clear that the actions of this Court, which were deemed inappropriate by the Court of Appeals, now clearly comport with the new doctrine of the Immigration and Customs Enforcement Agency. Indeed, it must be said that this Court

successfully predicted the future. In view of the amendment to 18 U.S.C. §3582(c)(2); the precedent of the Supreme Court under Kimbrough; and now the new doctrine of enforcement arm of Immigration and Naturalization Service, calling for deportation of immigrant felons, petitioner respectfully requests that this Court resentence petitioner to a sentence deemed fair and equitable by this Court.

Dated: January 25, 2008

Guillermo Maldonado
Guillermo Maldonado
Petitioner Pro Se
Reg No. 04428-070
FCI Ft Dix
PO Box 2000
Ft. Dix, NJ 08640

CERTIFICATE OF SERVICE

I CERTIFY THAT ON 1/27/08, I MAILED A COPY OF ALL OF THE ATTACHMENTS VIA FIRST CLASS MAIL TO THE FOLLOWING PARTIES AT THE ADDRESS LISTED BELOW:

DONALD C. LOCKHART, ESQ.
ASSISTANT U.S. ATTORNEY
FLEET CENTER, EIGHTH FLOOR
PROVIDENCE, RHODE ISLAND 02903

PROOF OF SERVICE FOR

INSTITUTIONALIZED OR

INCARCERATED LITIGANTS

I CERTIFY THAT THIS DOCUMENT WAS GIVEN TO PRISON OFFICIAL ON 1/27/08 FOR FORWARDING TO THE COURT. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. [28 USCA §1746].

Guillermo Maldonado
(SIGNATURE)

1/27/08
(DATE)