IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 97-043L |
| | : | |
| GUILLERMO MALDONADO | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION AND SUPPLEMENTAL MOTION FOR MODIFICATION OF PREVIOUSLY IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

## Introduction

The defendant, Guillermo Maldonado (Maldonado or Defendant), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Maldonado's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 effective March 3, 2008. Based upon his current sentence, Maldonado's projected release date by the Bureau of Prisons is August 6, 2012.

Following an investigation by the Providence Police Department (PPD), Maldonado was arrested on May 8, 1997. Maldonado was indicted on May 28, 1997 for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (Count I), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(B) (Count II). He entered a plea of guilty on August 7, 1997. Two issues were

argued at the sentencing hearing held on March 30, 1998. Maldonado contested both the quantity of heroin and whether the cocaine was crack cocaine. The Court ruled against Maldonado. Due to Maldonado's intentionally false testimony at the sentencing hearing, the Court also increased Maldonado's guideline range by two levels for obstruction of justice and refused to decrease his offense level by three levels for acceptance of responsibility. The Court sentenced Maldonado to 210 months imprisonment and five years supervised release. Maldonado filed a notice of appeal.

The First Circuit dismissed Maldonado's appeal on July 15, 1998 for want of prosecution. See No. 98-1416. The mandate issued on August 6, 1998. On or about March 22, 1999, Maldonado filed a pro-se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. See C.A. No. 99-153L. In this petition, he raised a single issue: ineffective assistance of counsel for his attorney's failure to prosecute his appeal. An evidentiary hearing was held on February 23, 2000. The Court granted the § 2255 petition. On March 20, 2000, the Court departed downward from the Sentencing Guidelines and re-sentenced Maldonado to 120 months imprisonment and five years supervised release.

Maldonado filed a notice of appeal on March 20, 2000. See No. 00-1429. The government cross-appealed on April 10, 2000. See No. 00-1513. The government raised the downward departure issue. Maldonado raised several issues, including whether the Court properly determined the nature and quantity of the controlled substances (crack cocaine and heroin) upon which his sentence was based, as well as a guidelines

increase for obstruction of justice and a denial of an acceptance of responsibility decrease. The First Circuit rejected Maldonado's grounds for appeal without extensive discussion and remanded the case for re-sentencing on the downward departure issue. United States v. Maldonado, 242 F.3d 1 (1st Cir. 2001). The mandate issued on March 16, 2001. On August 8, 2001, a third sentencing hearing was held. The Court rejected Maldonado's request for a downward departure and re-sentenced him to 210 months imprisonment and five years supervised release.

Maldonado again appealed, raising as an issue the Court's denial of his downward departure motion. See No. 01-2162. In an unpublished *per curiam* opinion, issued January 10, 2002, the First Circuit rejected Maldonado's downward departure claim and affirmed the sentence. The mandate issued on January 31, 2002. The Supreme Court denied a writ of certiorari on April 22, 2002.

Maldonado filed a second § 2255 petition on or about July 22, 2002, arguing the sentence imposed on August 8, 2001 violated the protections of the Fifth Amendment because his sentence was based upon heroin and cocaine base (crack) and not heroin and powder cocaine. See C.A. No. 02-335L. On November 8, 2002, this motion was denied and dismissed for those reasons stated in the government's memorandum of law, parts III A and B. Maldonado did not appeal.

On June 18, 2003, Maldonado filed a motion with the Lowell District Court in Massachusetts to dismiss a default warrant. That court recalled the warrant on August 13, 2003. On August 28, 2003, Maldonado filed his third § 2255 petition, arguing that

the dismissal of the default warrant should result in a new sentencing due to a lower criminal history category. See C.A. No. 03-393L. This petition was denied on October 20, 2003 due to lack of jurisdiction for a successive petition and as being barred by the statute of limitations. On December 12, 2003, this Court denied Maldonado's request for a certificate of appealability. Maldonado appealed and filed an application for a certificate of appealability. See No. 03-2546. In his application, Maldonado argued that his latest § 2255 petition was not successive because his initial § 2255 petition was used to re-instate his direct appeal right. The Court of Appeals denied the application on October 27, 2004.

On or about July 29, 2004, Maldonado filed a motion for relief from judgment pursuant to F. R. Civ. P. 60(b)(4) & (5). Maldonado argued that his sentence was based upon crack cocaine rather than powder cocaine and that the Blakely v. Washington, 124 S.Ct. 2531 (2004), decision warranted a reversal. This Court denied his motion on September 16, 2004 reasoning that the motion was a successive § 2255 petition. A request for a certificate of appealability was denied by this Court on October 21, 2004. Maldonado took an appeal requesting a certificate of appealability. See No. 04-2346. On February 1, 2005, the First Circuit denied the certificate noting that the District Court correctly considered the 60(b) motion as a successive § 2255 petition.

On July 18, 2005, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5), to vacate the Court's Order entered on November 8, 2002 denying his

motion filed pursuant to 28 U.S.C. § 2255. The Court denied the motion to vacate on September 16, 2005. See C.A. No. 02-335L.

On February 27, 2007, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5)(6) seeking to reinstate a successive 28 U.S.C. § 2255 petition. That motion was denied by the Court on May 31, 2007. See C.A. No. 07-119L. Maldonado then filed a notice of appeal and petition for a certificate of appealability, a motion to proceed on appeal in *forma pauperis*, and a motion for reconsideration. On August 14, 2007, the Court denied the motion for reconsideration as "frivolous", noting that Maldonado's case "has been completely considered on many previous occasions". On September 11, 2007, the Court denied the motion to proceed on appeal in *forma pauperis* and the motion for a certificate of appealability. Maldonado's appeal was docketed by the First Circuit Court of Appeals on September 17, 2007. See No. 07-2413. The request for a certificate of appealability is pending.

III. ARGUMENT

Maldonado's pending appeal to the First Circuit Court of Appeals challenges this Court's rulings in C.A. No. 07-119L. In those proceedings (C.A. No. 07-119L), Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5)(6) seeking to reinstate a successive 28 U.S.C. § 2255 petition. That successive 28 U.S.C. § 2255 petition was one filed on or about July 22, 2002. In that petition, Maldonado attacked his sentence claiming that his sentence was wrongfully based upon cocaine base and a quantity of heroin greater than 100 grams. In other words, in his appeal now pending in the First

Circuit, Maldonado attacks the very sentence he now asks this Court to modify or reduce. The pendency of Maldonado's First Circuit appeal divests this Court of jurisdiction to modify his sentence. United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("A docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence").

Due to Maldonado's pending appeal, this Court should dismiss without prejudice the instant Motion and Supplemental Motion as premature. Maldonado can re-file his § 3582(c)(2) motion once his appeal is resolved. Upon reflection, if Maldonado agrees with this Court's assessment that his appeal is frivolous, Maldonado can expedite this Court's consideration of a § 3582(c)(2) motion by moving in the First Circuit Court of Appeals for a voluntary dismissal of his appeal.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 14th day of March, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the Within Government's Response To Defendant's Motion And Supplemental Motion For Modification Of Previously Imposed Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2), to:

Guillermo Maldonado
Reg. # 04428-070
FCI Fort Dix, Bldg. 5752
P.O. Box 2000
Fort Dix, NJ 08640-0902

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov