IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CRIMINAL No. 97-043L |
| GUILLERMO MALDONADO. | : | |
| | : | |

————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR RELIEF PURSUANT TO 18 U.S.C. §3582(c)(2)**

COMES NOW, the MOvant, pro se, Guillermo Maldonado, hereby files this memorandum of law in support of his motion to reduce his sentence pursuant to 18 USC §3582(c)(2), and in response to the opposition of the Government.

Movant herein seeks resentencing pursuant to this §3582 motion in view of the fact that THE SENTENCING COMMISSION has authorized, retroactively, a two (2) point Guideline Sentence reduction under Amendment No. 706(2007), where a defendant is serving a term of imprisonment for "crack" cocaine, and because, the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to The Guideline Manual listed in §3582(c)(2). See also UNITED STATES SENTENCING GUIDELINES(USSG) §1B1.10(a). In addition, this Brief seeks resentencing consistent with this Court's assessment of the facts under 18 USC §3553(a). Movant will now set forth his

entitlement to the relief requested.

## SENTENCING BACKGROUND

Movant was sentenced to a term of imprisonment for possession with intent to distribute cocaine-base(crack) and heroin, which produced a Base Offense level of 34 in the USSG Manual. In addition, Movant received a two(2)-point level enhancement for Obstruction of Justice, yielding him a level 36 in Criminal History Category II. Ultimately, he was sentenced to serve 210 months imprisonment.

## JURISDICTIONAL STATEMENT

As a general matter, courts may not alter a term of imprisonment once it has been imposed. See 18 USC §3582(c)(2); **U.S v HOVSEPIAN** 307 F3d 922, 927(9th Cir. 2002)("District Courts do not have inherent authority to resentence defendants at any time.")(quoting, **U.S v STUMP** 914 F2d 170, 172(9th Cir. 1990)). However, §3582(c)(2) creates an exception:

> In the case of a defendant who has been sentenced to a term of imprisonment based in a sentencing range that has subsequently been lowered by THE SENTENCING COMMISSION pursuant to 28 USC §994(o), upon motion of the defendant or the Director of THE BUREAU OF PRISONS, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by THE SENTENCING COMMISSION.

It is accordingly clear that Movant has properly brought this motion before this Court. In fact, the Respondent has consented to a two-point level reduction. In essence, the Government has admitted that

resentencing of Movant is necessary. Movant will now set forth the legal precedent for this Court's Right to resentence in excess of the mandatory two-point level reduction.

## LEGAL ARGUMENT

### 18 USC §3582(c)(2) Requires Sentencing Court to Consider all the Factors Listed in 18 USC §3553(a) Upon Resentencing

At the outset, it is to be pointed out that THE SENTENCING COMMISSION made some changes to USSG §1B1.10 which ostensibly were intended to try and limit a Court's ability to reduce sentences by more than two offense levels. Taken together, USSG §§1B1.10(b)(1) and (b)(2) seem to state that if a defendant did not get a guideline departure previously, he cannot get one upon resentencing.

In the text of §3582(c)(2) previously quoted, the statute is crystal clear that at resentencing, the Court is obligated to consider the §3553(a) factors when reducing the sentence. A Court's strict adherence to the attempt of THE SENTENCING COMMISSION to limit the reduction to two offense levels would result in sentences greater than necessary to serve the purposes of sentencing in blatant violation of §3582(c)(2).

Specifically, the "crack" guideline's §3553(a) problems are well known and well documented. In the case of **KIMBROUGH v U.S** 128 S. Ct. 558(2007), THE SUPREME COURT identified three major issues associated with the differential treatment of "crack" and cocaine offenders, which under the old guidelines yielded sentences for "crack" offenses three to six times longer than those for cocaine-powder offenses involving equal amount of drugs. [1] The disparity was based upon "assumptions

"about the relative harmfulness of the two drugs" that "more recent research and data no longer support"; [2] the disparity leads to the anamalous result that retail "crack" dealers get longer sentences than the wholesale drug distributors who supply them with powder cocaine from which their "crack" is produced, and thus is inconsistentantly congressional policy to punish major drug dealers more severely than low-level dealers; and [3] the disparity fosters disrespect for and lack of confidence in the Criminal Justice System because of a widely-held perception that it promotes unwarranted disparity based on race. The KIMBROUGH Court also cited THE SENTENCING COMMISSION'S own conclusions that this disparate treatment of "crack" offenders was "generally unwarranted" and "failed to meet the sentencing objectives set forth by CONGRESS in both THE SENTENCING REFORM ACT and The 1996 ACT. See USSC special report to CONGRESS: Cocaine and Federal Sentencing Policy, p. 66-67.

Importantly, the amended guideline does not fully rectify these problems. Quoting the COMMISSION, THE SUPREME COURT wrote that the "modest amendment still yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder , and The COMMISSION has recommended that the ratio be substantially reduced. It is also noted that The COMMISSION has described the amendment as only a partial remedy for the problems generated by the crack/powder disparity. And the Court found that "the amended guidelines still produce sentencing ranges keyed to the mandatory minimums in the 1986 ACT", which was the source of the problems

associated with the crack guideline in the first place. The guideline as amended "now advances a crack/powder ratio that varies between 25-1 and 80-1", and The COMMISSION has recommended a ratio of, at most 20-1.

Because the amended guideline still results in sentences that are based upon an unwarranted disparity and fails to serve the purposes of sentencing, a District Court cannot automatically assume, (as the Government would have it), that a sentence under the amended guideline satisfies §3553(a). Further, in view of the express statutory mandate in §3582(c)(2) that the Court consider the applicable §3553(a) factors when imposing a new sentence under §3582(c)(2), even if The SENTENCING COMMISSION(USSC) policy statement were clearly against such consideration, the Court would nevertheless be bound to consider such factors. As was pointed out previously The USSC is far from clear as to its position on the crack/powder disparity. Movant respectfully submits that under §3582(c)(2) this Court must consider all factors upon resentencing.

Attempted Treatment of Amended §1B1.10
and 2D1.1 as Mandatory Violates the Mandate
in U.S v BOOKER and KIMBROUGH v U.S

Even if the crack amendment did resolve the §3553(a) problems with a clear crack guideline(which it certainly did not), revised §1B1.10 would still violate BOOKER insofar as it renders any part of the guidelines mandatory. In **U.S v BOOKER** 543 U.S 220(2005) THE SUPREME COURT expressly stated: "As by now it should be clear, a mandatory system is no longer an open choice".

BOOKER made clear that the Right to have a jury find facts that are essential to the punishment "is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant". Many of the defendants who will be resentenced under §3582(c)(2) were intially sentenced on the basis of the facts(such as those reflected in the Pre-Sentence Investigation Report) that were neither found by the jury nor admitted by the Defendant. Requiring a court to impose a new sentence based on facts that were intially found in violation of THE SIXTH AMENDMENT would import that SIXTH AMENDMENT violation into the new sentence.

BOOKER also made made clear that the guidelines cannot be applied as mandatory in some circumstances and not in others. The Court rejected the Government's suggestion that it "render the guidelines as advisory in any case in which The Constitution prohibits judicial fact-finding" but leave them binding in all other cases....["We do not see how it is possible to leave the Guidelines as binding in other cases. For one thing, the Government's proposal would impose mandatory Guidelines-type limits upon a judge's ability to reduce sentences, but it would not impose those limits upon a judge's ability to increase sentences. We do not believe that such one-way levers are compatible with CONGRESS' intent"].

Again in **KIMBROUGH v U.S** 552 U.S ____(2007), THE SUPREME COURT rejected the Government's argument that §2D1.1 and, more specifically, the crack guideline, can be interpreted in any way that renders it

effectively mandatory. The Court held: "Under BOOKER, the cocaine guidelines, like all other guidelines, are advisoryonly; and ...... The Court of Appeals erred in holding the crack/powder disparity effectively mandatory". Those portions of the amended §1B1.10 that would impose mandatory Guidelines-type limits on a judge's ability to reduce sentences and would render §2D1.1 effectively mandatory for crack defendants being resentenced under §3582(c)(2) violate BOOKER and KIMBROUGH and are void as a matter of Law. See **NEAL** 516 U.S 290 (COMMISSION does not have the authority to effectively amend a statute by interpreting it in ways contrary to the construction given it by THE SUPREME COURT and the Court will reject THE COMMISSION'S alleged contrary interpretation.

In partial opposition to the written motion, the Government states to this Court that only a two-point level reduction be given because the policy statements of THE SENTENCING COMMITTEE somehow require the amended guideline to be mandatory. Movant herein is an incarcerated individual whose only access to legal research is a limited Law library, with the archaic shephardizing method of checking the current applicable legal precedents. On the other hand, the Government has every available resource at its disposal. Yet the paperwork submitted by the Government would receive a failing grade even if it were submitted by a first year Law student and not ostensibly a seasoned Government attorney.

The Government's argument is clearly untenable in view of THE SUPREME COURT'S holdings in both BOOKER and KIMBROUGH. Further THE

SENTENCING COMMISSION itself admits that the crack guidelines, despite the amendment, still fail to administer justice effectively and fairly.

In the case of **U.S v HICKS** 472 F3d 1167(9th Cir. 2007), the Government made the exact same argument that was made in opposition to this motion. Either the U.S Attorney failed to read the case or displays an arrogance toward this Court, but either way, the arguments were convincingly and unequivocally rejected by the HICKS Court. The HICKS Court held: To the extent that policy statements are inconsistent with BOOKER by requiring that the Guidelines be treated as mandatory, the policy statements must give way".

With all due deference, the opposition of the Government shows an ignorance of the Law and a lazy work ethic. Even more clearly it demonstrates a mean-spirited effort designed to prevent this Court from considering all of the relevant factors with respect to resentencing.

## The Revisions to §1B1.10 Violate The Commission's Statutory Obligation Under its Enabling Statute 28 U.S.C. §994(a)(2)

The third problem with the revised §1B1.10 is that it violates the COMMISSION'S obligations under its enabling statute. THE COMMISSION has already clearly acknowledged that the crack amendment represents only a modes interim measure that does not fully rectify the problems with crack sentences, including that they fail to meet the sentencing objectives set forth by CONGRESS in §3553(a)(2). In revising §1B1.10

to restrict a court's ability to even consider this acknowledged failure of the guideline as amended to satisfy §3553(a) when imposing a new sentence under §3582(c)(2), THE COMMISSION has violated its obligation under 28 USC §994(a)(2) to write policy statements that "further the purposes set forth in §3553(a)(2). It has also violated its obligation to establish sentencing policies and practices that assure that the purposes of §3553(a)(2) are met; avoid unwarranted sentencing disparities; maintain sufficient flexibility to permit individualized sentences; and reflect advancement in the knowledge of human behavior as it relates to the Criminal Justice process. See 28 USC §§991(b)(1)(A)-(C). If guideline Commentary is at odds with the plain language of 28 USC §994 the guideline Commentary must give way. **U.S v LaBONTE** 520 U.S 751(1997). The amendments are thus void as an improper exercise of THE COMMISSION'S authority, in addition to violating the remedial holding in BOOKER and should be rejected.

It is true that as the Government alleges that this Court does not have jurisdiction to reduce a sentence unless that reduction is consistent with THE COMMISSION'S advice in §1B1.10. However, as per BOOKER, this approach is no longer permissible. As the BOOKER Court said: "We do not doubt that CONGRESS, when it wrote The Sentencing Act, intended to create a form of mandatory guidelines system. But, we repeat, given today's Constitutional holding, that is not a choice that remains open".

Guillermo Maldonado

Guillermo Maldonado, pro se.

**CONCLUSION**

Based upon all of the foregoing it is crystal clear that this Court must resentece Movant under §3582(c)(2) and that based upon the facts raised by Movant in papers submitted previously to this Court, the Court should sentence Movant to a sentence deemed appropriate by this Court under §3553(a).

DATED: 4/24/08

Guillermo Maldonado

Guillermo Maldonado
Reg. No. 04428-070
FCI FORT DIX
P.O Box 2000-UNIT 5752
FORT DIX, N.J 08640

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on this 24 day of APRIL, 2008 I mailed a copy of the foregoing Memorandum of Law In Support of Motion for Relief Pursuant to 18 U.S.C. §3582(c)(2), via FIRST CLASS MAIL to the following party at the address listed below:

Kenneth P. Madden, AUSA
U.S ATTORNEY'S OFFICE
FLEET Center, eighth floor
50 KENNEDY Plaza
PROVIDENCE, R.I. 02903

**PROOF OF SERVICE FOR**
**INSTITUTIONALIZED OR INCARCERATED LITIGANTS**

I HEREBY CERTIFY THAT, this document was given to a BUREAU OF PRISONS Official on this _____day of APRIL, 2008 for forwarding to THE U.S DISTRICT COURT; DISTRICT OF RHODE ISLAND. I certify under penalty of PERJURY that the foregoing is true and correct to the best of my knowledge, 28 USC §1746.

Guillermo Maldonado
(SIGNATURE)

4/24/08
(DATE)